## M. A. GONSALVES & CO. *vs.* WILDER STEAMSHIP COMPANY.

### EXCEPTIONS.

HEARING, MARCH 23, 1893.　　　　DECISION, April 17, 1893.

BICKERTON AND FREAR, JJ., AND COOPER, CIRCUIT JUDGE.

(Judd, C. J., being disqualified, he having an interest in the defendant company, Circuit Judge Cooper sat in the case by request.)

A receipt was given by the defendant steamship company for goods forwarded by its steamer to be delivered at Paia, an inland place on Maui, the exemptions in the receipt being "dangers of fire and navigation, or any other accident or danger of the seas, rivers or steam navigation, of whatsoever kind and nature." The goods were landed and destroyed by fire in the warehouse before they were forwarded to Paia. Held, that the exemption from liability for loss by fire, is limited to loss by fire occurring at sea, and does not attach to the land route.

### OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on questions of law reserved in this and two other cases, viz., *E. O. Hall & Son vs. Wilder Steamship Company* and *A. W. Van Valkenberg vs. Wilder Steamship Company* and were certified up by Judge Whiting, First Judge of the Circuit Court of the First Circuit. The reserved question reads: "Is the exemption from liability

for loss by fire provided for by the annexed receipts, 'A,' 'B' and 'C,' or either of them limited to a loss occurring at sea, or does it attach to the whole distance therein named?" Exhibit B is the form of the receipt filed in this case, and is as follows:

"Honolulu, 14th July, 1891.    Received from Gonsalves & Co., in apparent good order except as noted, on board Likelike the following packages, contents unknown, to be delivered at Paia, dangers of fire and navigation or any other accident or danger of the seas, rivers or steam navigation, of whatsoever kind or nature excepted, and with the privilege of re-shipping on steamboats or barges." Marked (PS in a triangle.)

Then follows a list of the packages, and the receipt is signed "Kibling." The question in this receipt is solely a question of construction, there being no evidence to be considered. We have to take the document and construe it. There can be no question as to the defendant company being a carrier by water; its name so indicates, and the whole phraseology of the receipt is applicable solely to marine carriage and marine responsibility. This form was undoubtedly intended to be used only for and to cover the water route. Is there one word expressing an exemption from dangers by any land route? No alteration is made (which could undoubtedly have been done) to cover the land route.

"Where common carriers by water in their bill of lading made at Toledo, Ohio, stipulated to deliver goods to consignees at Concord, N. H., the damages of navigation, fire, collisions on the lakes and rivers and the Welland canal excepted, it was held that this limitation did not extend to losses by fire on the railroads." *Barter vs. Wheeler*, 49 N. H., 10.

"The general words inserted in a maritime policy of insurance after the enumeration of particular perils, are as follows: 'And of all perils, losses and misfortunes that have or shall come to the hurt, detriment or damage of said goods and merchandise and ship, etc., or any part thereof.'

"These words it has been observed, must be considered as introduced into the policy in furtherance of the object of marine insurance. * * * They are entitled to be considered as material and operative words, and to have the due effect assigned to them in the construction of this instrument. *. * * The meaning of the general words may be ascertained by referring to the preceding special words." Broom's Legal Maxims, p. 375–6.

"General words of exemption when used after a designation of specific exemptions and risks, will be presumed to include only those of a similar character unless a different intention is manifest." *Hawkins et al. vs. Great Western R. R. Co.*, 17 Mich. 56.

The words in a receipt "any other accident or dangers of the seas" can only mean that the dangers previously enumerated are of the same kind; no other construction is logical. The obvious meaning of this receipt is, that exemptions contained in it were limited to the sea route.

We are of the opinion that the exemption from liability for loss by fire provided for in the receipt before us, is limited to a loss occurring at sea, and does not attach to the whole distance or to the land route. There is a stipulation made and filed by counsel in this case, that if the exemption is held to be limited to a marine loss, judgment shall be entered for the plaintiff.

Judgment may be entered accordingly for the plaintiff.

*A. S. Hartwell*, for plaintiff.

*F. M. Hatch*, for defendant.